IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Geordi Jerrell Heyward, | ) | Case No. 8:25-cv-01420-JDA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden of Turbeville | ) | |
| Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on Respondent's motion for summary judgment. [Doc. 24.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On December 17, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondent's summary judgment motion be granted and that the Petition be denied. [Doc. 32.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 29.] On January 20, 2026, Petitioner filed objections to the Report. [Doc. 38.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71

(1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## **DISCUSSION**

**Claim One**

The Petition contains two claims.  [Doc. 1 at 5, 7.]  The Court has some uncertainty as to what the first claim is.  Petitioner's first claim may be that plea counsel was ineffective in failing to accurately define criminal sexual conduct, second degree, for Petitioner before and during his plea hearing (the "Plea Counsel Claim").  [*Id.* at 5.] Alternatively, it may be that post-conviction relief ("PCR") counsel was ineffective by failing to raise this ineffectiveness of plea counsel during the PCR pleadings (the "PCR Counsel Claim").  [*Id.*]  To the extent Petitioner asserts the PCR Counsel Claim, his claim is not cognizable.  *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").  Out of an abundance of caution for the pro se Petitioner, the Court will assume that Petitioner asserts the Plea

2

Counsel Claim, and indeed it appears that that is the claim the Magistrate Judge analyzed [Doc. 32 at 14–19].

The Magistrate Judge concluded the Plea Counsel Claim is procedurally barred and Petitioner has not demonstrated cause and prejudice. [*Id.* at 14–18]; *see Lewis v. Wheeler*, 609 F.3d 291, 309 (4th Cir. 2010) (explaining that review of a procedurally defaulted claim is barred unless the petitioner establishes either "cause for the default and actual prejudice as a result of the violation of federal law" or "a fundamental miscarriage of justice" (internal quotation marks omitted)). Specifically, the Magistrate Judge concluded that even if Petitioner could demonstrate cause for not exhausting his claim, he could not show prejudice because he could not show that plea counsel's representation was deficient. [Doc. 32 at 17–18.] The Magistrate Judge concluded that Petitioner could not show that plea counsel's representation was deficient because "there is no legal authority supporting Petitioner's contention that a mistake-of-age defense is cognizable under South Carolina law as to the crime of [criminal sexual conduct, second degree]" and, indeed, "the existing case law suggests that such a defense is not available." [*Id.*; *see also id.* at 18 nn. 5, 6.] For similar reasons, the Magistrate Judge alternatively concluded that even if the Plea Counsel Claim were not procedurally defaulted, it would fail on its merits. [*Id.* at 18 n.7.]

In his objections to the Report, Petitioner argues that he has shown cause for his procedural default and that the Magistrate Judge did not address his arguments about cause. [Doc. 38 at 4.] The Court concludes, however, that the Magistrate Judge's recommendation was based on Petitioner's failure to demonstrate *prejudice*, not cause. Accordingly, it was not error for the Magistrate Judge not to discuss cause.

3

As to prejudice, Petitioner merely repeats arguments that the Magistrate Judge rejected.  [*Id.* at 5–6.]  For the reasons the Magistrate Judge explained [Doc. 32 at 16–18 & nn. 5, 6], the Court agrees with the Magistrate Judge that Petitioner did not demonstrate prejudice.  The Court also agrees with the Magistrate Judge, for the reasons explained in the Report [*id.* at 18 n.7], that Petitioner's claim would fail even were the Court to address it on its merits.  Petitioner's objections concerning his first claim are, therefore, overruled.

**Claim Two**

In his second claim, Petitioner asserts that his guilty plea was not entered knowingly and voluntarily entered because it was made based on plea counsel's misstatement of the terms of the plea agreement and plea counsel did not provide Petitioner the chance to withdraw his plea after the State made a recommendation for a specific sentence.  [Doc. 1 at 7.]  The Magistrate Judge addressed this claim on its merits and concluded that the PCR court properly evaluated Petitioner's claim in light of the *Strickland* standard, *see Strickland v. Washington*, 466 U.S. 668, 687 (1984), and reached a reasonable determination.  [Doc. 32 at 19–28.]

In his objections, Petitioner repeats arguments that the Magistrate Judge rejected. [*Compare* Doc. 38 at 6–8 *with* Doc. 30 at 5–7.]  As to these arguments, the Court agrees with the Magistrate Judge's reasoning and, therefore, overrules Petitioner's objections concerning his second claim.

<u>**CONCLUSION**</u>

In sum, in considering Petitioner's objections, the Court has conducted a de novo review of the Report, the record, and the applicable law.  Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge to the extent consistent

4

with this Order and incorporates it by reference. Accordingly, Respondent's summary judgment motion [Doc. 24] is GRANTED and Petitioner's § 2254 Petition [Doc. 1] is DENIED.

## <u>CERTIFICATE OF APPEALABILITY</u>

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(2) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of the constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

In this case, the Court concludes that the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

<u>s/Jacquelyn D. Austin</u>
United States District Judge

Greenville, South Carolina
March 24, 2026

5